1  GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
   MGDESYAN LAW FIRM
2  15260 VENTURA BLVD., PENTHOUSE 2200
3  SHERMAN OAKS, CA 91403
   TELEPHONE: (818) 386-6777
4  FACSIMILE:    (818) 754-6778
5
6  Attorney for Plaintiff,
   JORGE MACHUCA
7
                **UNITED STATES DISTRICT COURT**
8
                **EASTERN DISTRICT OF CALIFORNIA**
9

10  JORGE MACHUCA, an individual        )   Case Number:
11                                      )
          Plaintiff,                    )
12                                      )   PLAINTIFF'S COMPLAINT
                                        )   FOR DAMAGES:
13                                      )
14                                      )   1. Violation of Civil Rights 42
    V.                                  )      U.S.C. §1983- excessive force
15                                      )   2. Violation of California Civil
                                        )      code §§ 43, 52.1; California
16                                      )      Constitution article 1 § 13
17  COUNTY OF KERN, CITY OF             )
    MARICOPA, KERN COUNTY               )
18  SHERIFF'S DEPARTMENT, and           )
19  DOES 1 to 10, Inclusive,            )
                                        )
20        Defendants.                   )
21                                      )
22                                      )
23                                      )
24                                      )
25                                      )
26                                      )
                                        )   **[JURY TRIAL DEMAND]**
27                                      )
28                                      )

              PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
                                    1

## PRELIMINARY STATEMENT

This is a civil rights action arising from the unlawful seizure and excessive force upon Plaintiff JORGE MACHUCA. Plaintiff JORGE MACHUCA was threatened and coerced by the use of physical force by employees and agents of Defendant COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPARTMENT, CITY OF MARICOPA on March 19, 2016, in Maricopa, California. Plaintiff thereby brings this action for violations of his constitutional rights guaranteed to him by the United States constitution and violations of his constitutional and statutory rights guaranteed to him by the State of California. Plaintiff JORGE MACHUCA, hereby assert and allege as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(federal question) and 28 U.S.C. §1343(3) (civil rights). This court has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367 as they arise out of a common nucleus of facts.

2. At all relevant times to the facts underlying the present complaint, Plaintiff JORGE MACHUCA (hereinafter Plaintiff") was a resident of Maricopa, California, at the time of the allegations set forth herein.

3. Venue is proper in the Eastern District of California under 28 U.S.C. § 1392(a) and (b) as it is the judicial district in which the claim arose.

## PARTIES

4.     Plaintiff, JORGE MACHUCA is a competent adult.

5.     Defendant, CITY OF MARICOPA is a city operating pursuant to its municipal charter and the laws of the State of California. CITY OF MARICOPA is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

6.     Defendant, COUNTY OF KERN is a county located in the State of California.  COUNTY OF KERN is and at all times mentioned herein was, a municipal or political subdivision of the United States organized and existing under the laws of the State of California.  Defendant COUNTY OF KERN has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the KERN COUNTY SHERIFF'S DEPARTMENT, and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of threats, intimidation, coercion, arrest, and the use of force.

7.     Defendants DOES 1-10 at all times relevant to this complaint were individuals who acted under color of the aforementioned state legal authority, COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA.

8. Plaintiff alleges further that Defendants COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA are liable for state law torts committed by its respective employees, while acting within the scope and course of their employment, which caused Plaintiff's injuries as alleged herein, by virtue of Cal. Gov't Code §815.2(a), which makes public entities in California vicariously liable for the torts of their employees.

9. Plaintiff sues Defendants DOES 1 to 10 by such fictitious names because their true identities have yet to be ascertained. Plaintiff is unaware of the true names and capacities of those alleged Defendants. Plaintiff is informed, believe, and thereon allege that these Defendants designated as DOE are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

10. Each of the individual Defendants sued herein is sued both in his/her individual and personal capacity, as well as in his/her official capacity.

11. Plaintiff is informed, believe, and therefore allege that, at all times

herein mentioned, each of the Defendants was an agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

12. Plaintiff is informed, believe, and thereon allege that each of the Defendants designated as DOES 1-10 are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately causing damages as herein alleged.

13. Plaintiff will seek leave to amend this complaint to set forth said true names and identities.

## SATISFACTION OF GOVERNMENT CODE REQUIREMENTS

14. On March 31, 2016, a timely claim for damages was filed with the COUNTY OF KERN in substantial compliance with California Government Code § 910, et seq. PLAINTIFF'S claim was rejected by the COUNTY on April 5, 2016.

15. On August 30, 2016, a timely claim for damages was filed with the CITY OF MARICOPA in substantial compliance with California Government Code § 910, et seq. PLAINTIFF'S claim was rejected by the CITY OF MARICOPA on September 12, 2016.

///

///

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

17. On March 19, 2016 Plaintiff Jorge Machuca was outside of his home located at 310 California St, Maricopa, CA 93252.

18. That day Mr. Machuca and his family were planning to drive to Los Angeles to spend the weekend there. As Mr. Machuca's family was packing for the weekend, Mr. Machuca decided to go outside and do some work in his front yard.

19. Mr. Machuca thereby began shoveling some of the dirt in his front yard.

20. DOE Defendants, and deputies with the Kern County Sheriff's Department and employees/ agents of the CITY OF MARICOPA and COUNTY OF KERN arrived at Mr. Machuca's front yard and stood a couple of feet away from him.

21. Mr. Machuca does not speak English but Spanish. DOE Defendants nonetheless asked Mr. Machuca in English what he was doing in the front yard at which point Mr. Machuca tried informing them in his broken English that he was merely shoveling some of the dirt from the front yard.

22. The DOE Defendants then without anything further began writing Mr. Machuca a citation for having trash in the front yard.

23. The officer then advised Mr. Machuca to follow them to the sheriff's vehicle.

24. Mr. Machuca unsure what the deputies were saying, continued to shovel. At that point, DOE Defendants took out their guns and pointed them at Mr. Machuca.

25. Out of fear, Mr. Machuca then ran into his homw to get a business card of a civil rights attorney he had. At which point, DOE Defendants came into the home, and pepper sprayed Mr. Machuca, his wife, and his four young children.

26. One of Mr. Machuca's children Jasmin was taking a shower when the deputies violently came into the home. Mr. Machuca's older daughter Eva aided 11 year old Jasmin who was growing fearful out of the shower.

27. As Mr. Machuca's older daughter Eva and his youngest daughter Jasmin were making their way from the bathroom to the living room, they saw DOE Defendants tase their father, Mr. Machuca with a taser gun.

28. After being tased, Mr. Machuca fell to the ground and was motionless.

29. As Mr. Machuca was laying on the ground, motionless, and posing no threat to the deputies whatsoever, DOE Defendants began to hit Mr. Machuca with batons as Mr. Machuca's two children watched in disbelief.

30. DOE Defendants continued using excessive force, they continued to beat Mr. Machuca with batons. DOE Defendants used such excessive force that Mr. Machuca suffered abrasions and bruising to his chest, back, legs, and head.

31. Mr. Machuca was taken to Kern Medical Center as a result of the injuries he sustained from the brutal beating by DOE Defendants.

32. Defendants' conduct was malicious and oppressive. Defendants conduct was accompanied by ill will and spite in complete indifference to Plaintiff's rights.

33. Plaintiff, Mr. Machuca was laying on the ground after being tased and posed no threat to the deputies so as to necessitate the further beating which ensued.

34. Mr. Machuca was thereafter arrested and charged with two misdemeanor counts and one felony count under booking number 2141881.

35. Mr. Machuca was required to post bail in the amount of $47,500.00.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983- EXCESSIVE FORCE

**(By Plaintiff against all Defendants)**

36. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

37. Plaintiffs believe and thereon assert that DOE Defendants and each of them were employees of Defendants COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA and acting within the scope of their employment and under color of state law.

38. Defendants COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA employed deputies sued herein as individual DOE Defendants. Defendants COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA provided its individual employees and agents, and DOE Defendants with official badges and identification cards which designated and described the bearers as employees or agents of the COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA.

39. During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, thus acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA. Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by the laws of the United States.

40.     On March 19, 2016, the individual Defendants, while acting in the course and scope of their employment with the COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA, and in an attempt to intimidate, and coerce Plaintiff, used excessive force against Plaintiff, detained, and arrested Plaintiff.

41.     DOE Defendants in using excessive force upon Plaintiff, violated Mr. Machuca's rights under the Fourth Amendment.

42.     In doing the forgoing wrongful acts Defendants acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth Amendment and Fourteenth, by using such uncalled for, brutal, and excessive force so as to leave Mr. Machuca bruised and injured.

43.     As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff has been hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which are injuries caused and continue to cause Plaintiff great mental and physical pain and suffering, humiliation, shock, distress, and anguish. Plaintiff further suffered damages in the amount to be proven at trial.

44.     In doing the forgoing wrongful acts, Defendants and each of them acted in intentional, reckless, and/or callous disregard for the constitutional rights

of Plaintiff. The wrongful acts and each of them, were willful, oppressive, and malicious.

45. Individual Defendants, and each of them used excessive force to detain Plaintiff despite the fact that Plaintiff at no time during the course of the events described herein posed any reasonable threat of violence to Defendants, nor did he do anything to justify the force used against him.

46. The seizure of Plaintiff was unreasonable under the Fourth Amendment as DOE Defendants used excessive force.

47. Furthermore, Plaintiff is informed, believes, and thereon alleges that the individual Defendants, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently using excessive and unreasonable physical force upon Plaintiff's person, when the same was unnecessary and unjustified, negligently failing to determine that Plaintiff posed no threat of physical harm to any person.  Plaintiff believes and thereon asserts that said individual Defendants are thereby directly liable pursuant to statute including California Government Code §820.

48. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff has been hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which are injuries caused and continue to cause Plaintiff great mental and physical pain and

suffering, humiliation, shock, distress, and anguish. Plaintiff further suffered damages in the amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Violation of California Civil Code § 43, 52.1;

### California Constitution, Article 1, §13

### (By Plaintiffs against all Defendants)

49. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

50. Plaintiff brings this cause of action for the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to him by the Constitution of the State of California and the California Civil Code, §§ 43 and 52.1.

51. By the use of excessive physical force the deputies violated Plaintiff's rights under both California Civil Code, §§ 43 and 52.1.

52. The interference and violation of Plaintiffs' constitutional and statutory rights were accompanied by actual coercion, intimidation, and violence by the deputy DOE Defendants. The brutal beating of Plaintiff by DOE Defendants was an act of violence that exceeded the level of coercion normally found in a routine stop by deputies.

53. Defendants COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA employed agents and deputies sued herein as individual DOE Defendants. Defendants COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA provided its individual employees and agents, and DOE Defendants with official badges and identification cards which designated and described the bearers as employees or agents of the COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA.

54. During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, thus acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of COUNTY OF KERN, KERN COUNTY'S SHERIFF'S DEPARTMENT, and CITY OF MARICOPA. Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Constitution of the State of California and the California Civil Code, §§ 43 and 52.1.

55. On March 19, 2016, the individual Defendants detained and unreasonable seized Plaintiff in violation of and with deliberate indifference to his statutory and constitutional right to be free unreasonable seizure. Further, the violent conduct of Defendants as described, directly interfered with Plaintiff's constitutional and statutorily guaranteed rights.

56. Plaintiff, had the right to be free from unreasonable seizures. Plaintiff's rights to be free from unreasonable seizures was violated when the DOE Defendants came into his home and began beating him senselessly while his children watched, despite Plaintiff having posed no threat to the DOE Defendants.

57. These rights and privileges are secured to Plaintiff by the provisions of the California Constitution, Article 1, section 13, and by CALIFORNIA Civil Code §§ 43 and 52.1. All of these interests were implicated by the wrongful conduct of the Defendants which proximately caused injury to Plaintiff.

58. Each of the individual Defendants and the municipal Defendants acted in concert, and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omission of acts, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to statutory, punitive and exemplary damages against the individual Defendants, in an amount to be proven at the trial of this matter pursuant to Cal. Civil Code §§52 *et seq.*, 52.1(b), and 52.1(h).

59. As a direct and proximate result of the aforesaid acts of the Defendants and each of them, Plaintiff suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, all to their damage in a sum to be

determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for attorneys' fees and other expenses in the prosecution of the above-articulated violations.

60.   Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to California Civil Code §§ 52 *et seq*. and 52.1(h).

## JURY DEMAND

Plaintiff hereby demands that a jury be empanelled for the trial of this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1. For general damages in an amount to be determined according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For costs of suit incurred herein;

///

///

///

///

///

///

4. For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

5. For attorneys' fees and expert witness fees incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED: October 3, 2016                    Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　/s/ *George G. Mgdesyan*
　　　　　　　　　　　　　　　　　　　　George G. Mgdesyan, Esq.
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　JORGE MACHUCA