1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8
9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | JORGE MACHUCA,                          ) Case No.: 1:16-cv-01497 DAD JLT
                                          )
12 |         Plaintiff,                    ) ORDER GRANTING THE MOTION OF
                                          ) ATTORNEY MGDESYAN AND HIS FIRM TO
13 | v.                                     ) WITHDRAW AS COUNSEL OF RECORD FOR
                                          ) PLAINTIFF
14 | COUNTY OF KERN, et al.,               ) (Doc. 18)
                                          )
15 |         Defendants.                   )
                                          )
16 | _____     )

17    The attorney for the plaintiff seeks to withdraw from his representation because Mr. Machuca

18 has failed to remain in contact with him and has failed to respond to letters seeking an opportunity to

19 discuss with him claims that the case is <u>Heck</u>-barred.  Mr. Machuca has failed to respond to counsel

20 and has failed to respond to the motion to withdraw.  For the reasons set forth below, the motion to

21 withdraw is **GRANTED**.

22 **I.    Legal Standard**

23    Whether an attorney may withdraw from a client's representation is governed by the Rules of

24 Professional Conduct of the State Bar of California and the Local Rules of the United States District

25 Court, Eastern District of California.  *See* LR 182.  The withdrawal of representation is permitted

26 under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to

27 carry our employment effectively."  Cal. R.P.C. 3-700(C)(1)(d).  Local Rule 182(d) provides:

28       Unless otherwise provided herein, an attorney who has appeared may not withdraw
         leaving the client <u>in propria persona</u> without leave of court upon noticed motion and

1

1  notice to the client and all other parties who have appeared.  The attorney shall provide
   an affidavit stating the current or last known address or addresses of the client and the
2  efforts   made to notify the client of the motion to withdraw.

3  *Id.*  Likewise, California's Rules require the notice of motion and declaration to be served on the client

4  and other parties who have appeared in the case.  CRC 3.1362(d).

5        The decision to grant withdrawal is within the discretion of the Court, and leave "may be

6  granted subject to such appropriate conditions as the Court deems fit."  LR 182; *see also Canandaigua*

7  *Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or

8  deny counsel's motion to withdraw is committed to the discretion of the trial court.").  Factors the

9  Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the

10  other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the

11  case caused by withdrawal.  *Canandaigua Wine Co.*, 2009 WL 89141, at *1.

12  **II.     Discussion and Analysis**

13        Mr. Mgdesyan asserts that he received correspondence from defense counsel supporting a

14  claim that the litigation is *Heck* barred.  (Doc. 18-1 at 2; Doc. 18-2)  Along with this, the defense

15  propounded requests for admission related to the issue.  His associate contacted the plaintiff to set an

16  appointment to discuss the matter but the plaintiff missed the appointment but rescheduled for a

17  different day.  Doc. 18-2 at 2.  Though the firm "continued to speak with Plaintiff and discuss the

18  documents received" from defense counsel, in June 2017, the plaintiff cut off all contact.  Id. at 3.  On

19  two occasions, the firm sent certified letters to the plaintiff at his address asking for his response and

20  telling him that if he did not, the firm would withdraw from his representation.  Id.  Mr. Machuca did

21  not respond.  Id.

22        Mr. Mgdesyan filed his motion to withdraw on July 6, 2017 (Doc. 18) and served the plaintiff

23  notice of the motion via first class mail to his last known address and at his post office box at the same

24  time.  Id.  at 4-5.  The plaintiff has not responded to the motion and the defendant has not opposed the

25  motion.  A client's failure to communicate with counsel is a basis to relive an attorney of the

26  representation.  *See Canandaigua Wine Co.*, 2009 WL 89141, at *1 citing *Whiting v. Lacara*, 187 F.3d

27  317, 322–23 (2nd Cir.1999).

28        The plaintiff has had sufficient time to retain substitute counsel, if that is his intention.  Likwise,

it does not appear the defendant would suffer prejudice as a result of the withdrawal. Indeed, it appears the plaintiff may have decided to abandon this litigation entirely. Furthermore, any delay caused by the withdrawal would be minimal and there is little risk of harm to the administration of justice.

## III.    Conclusion and Order

Counsel followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as counsel, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182. Accordingly, the Court **ORDERS**:

1. The motion to withdraw (Doc. 28) is **GRANTED**;

2. The Clerk's Office **SHALL TERMINATE** George Mgdesyan and the entire Mgdesyan Law Firm as "Attorney to be Noticed" for the plaintiff Jorge Machuca in the Court docket, and update the docket to reflect the plaintiff's last known contact information as follows:

    Jorge Machuca
    PO Box 465
    Maricopa, CA 93252

3. **No later than September 1, 2017**, plaintiff **SHALL** notify the Court whether he intends to represent himself in this matter or whether he has secured substitute counsel and whether he intends to prosecute this action.

**Plaintiff is advised that failure to comply with the Local Rules, Federal Rules, or a Court Order, may result in dismissal of this action pursuant to Local Rule 110.**


IT IS SO ORDERED.

Dated:    **August 10, 2017**                **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

3