**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE MACHUCA,<br><br>        Plaintiff,<br><br>       v.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendants. | Case No.: 1:16-cv-01716 - JLT<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Jorge Machuca initiated this action against the County of Kern, City of Maricopa, and Kern County Sheriff's Department for violations of his civil rights under federal and state law. (Doc. 1) However, Plaintiff has failed to prosecute this action after his attorney withdrew his representation. Accordingly, the action is **DISMISSED** without prejudice for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

**I.    Relevant Background**

On August 10, 2017, the Court granted the motion of George Mgdesyan to withdraw as counsel for Plaintiff. (Doc. 23) The Court ordered Plaintiff to "notify the Court whether he intends to represent himself in this matter or whether he has secured substitute counsel and whether he intends to prosecute this action." (*Id.* at 3) Plaintiff was directed to file the notification "[n]o later than September 1, 2017." (*Id.*, emphasis omitted) Plaintiff failed to respond, and the Court issued an order to show cause why the action should not be dismissed on September 6, 2017. (Doc. 24)

1

On September 20, 2017, Plaintiff responded to the Court's order, stating that he "intend[ed] to continue with the prosecution of the lawsuit." (Doc. 25 at 1) Plaintiff reported that he "contacted an attorney to represent [him]," and he needed "thirty days to finalize an agreement with the attorney." (*Id.*) The Court granted the request for an extension of time, and ordered Plaintiff "to notify the Court whether he intends to represent himself or has secured counsel" no later than October 20, 2017. (Doc. 26 at 2) To date, Plaintiff has failed to comply with the Court's order and has not taken any action indicating his desire to prosecute the matter.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the

Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether Defendants have been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to further prosecute the action following the withdrawal of his attorney, despite being ordered by the Court to do so. Accordingly, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Here, the Court warned Plaintiff in the order granting the withdrawal of his attorney that "**failure to comply with the Local Rules, Federal Rules, or a Court Order, may result in dismissal of this action pursuant to Local Rule 110**." (Doc. 23 at 3, emphasis in original) Again in the order dated

September 6, 2017, the Court warned Plaintiff that the action could be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 24 at 1-2) Significantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, this factor weighs in favor of dismissal of the action. Accordingly, the warning to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.    Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.    Order

Plaintiff failed to comply with orders dated September 6, 2017 (Doc. 19) and October 2, 2017 (Doc. 26) despite receiving warnings that the action may be dismissed for failure to comply with the Court's orders. In doing so, Plaintiff has failed to take any action to prosecute this action.

Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice; and
2. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:    **October 24, 2017**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4